## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **VAIRRUN STRICKLAND,** | ) | |
| | ) | **No.** |
| **Plaintiff,** | ) | |
| | ) | **Judge** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **Chicago Police Sergeant MICHAEL JETEL, #2005,** | ) | |
| **Chicago Police Officers R. RODRIGUEZ, #18420, and** | ) | |
| **J. MOTESDEOCA, #7699, Chicago Police Sergeant** | ) | |
| **SYED QUADRI, #2406 and CITY OF CHICAGO** | ) | **Jury Demand** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1.      Vairrun Strickland was falsely arrested by Chicago police officers after participating in a community cleanup program on the South Side of Chicago. The actions of the Chicago Police were in violation of Plaintiff's constitutional right to free speech and right to be free from unreasonable searches and seizures guaranteed by the First and Fourth Amendments to the U.S. Constitution. Plaintiff Strickland seeks just compensation for the pain and suffering, mental anguish, humiliation, loss of personal freedom, and other damages he suffered as a result of this violation of his rights.

### JURISDICTION AND VENUE

2.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 § 1983; the judicial code, 28 U.S. §§ 1331 and 1343(a); and the Constitution of the United States.

3.      Venue is proper in this District under 28 U.S.C. 1391(b). The parties reside in this judicial district and the events that are the basis of these claims occurred in this judicial district.

1

**PARTIES**

4.      Plaintiff Vairrun Strickland is an African American resident of the County of Cook, Illinois and is employed by the Markham Fire Department.

5.      Defendant Chicago Police Sergeant Michael Jetel, Officer R. Rodriguez, Officer J. Montesdeoca and Sergeant Quadri were, at the time of this incident, duly appointed Chicago police officers. Defendants were on duty and acting within the scope of their employment with the City of Chicago at the time of this incident.

6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. It is the employer and principal of the Defendant Police Officers.

**FACTS**

7.      On April 1, 2017, Plaintiff Vairrun Strickland was participating in a community cleanup event in the Englewood neighborhood on the South Side of Chicago.

8.      The event was organized by New Era, an intergenerational organization of Black people committed to the unity, empowerment and self-sustainability of the Black community.

9.      On the date of this event, Plaintiff Strickland was a member of the Chicago chapter of New Era and was in a leadership position within the organization.

10.      The event began at approximately 1:00 p.m., when dozens of individuals gathered at the intersection of 63rd St. and Ashland, in Chicago, Illinois.

11.      The purpose of the event was to improve the neighborhood by cleaning up garbage in the area, while simultaneously demonstrating a message that Black people must support one another and take proactive action in order to improve the Black community.

2

12.     Shortly after gathering, the group left the intersection of 63rd and Ashland and proceeded through the Englewood neighborhood, with members of the group picking up trash and engaging with residents.

13.     The group conveyed their messages by distributing literature and engaging in one-on-one conversations with residents. Some individuals used megaphones to lead the rest of the group in chants, such as "Black Love! Black Unity!" and "All power to the people!"

14.     Some members of New Era also waved flags with red, black and green stripes, which is a flag associated with the Black Liberation, Black Nationalist and Pan-African movements.

15.     This gathering proceeded through the residential neighborhood for approximately three hours. At times, individuals would be walking through the street, while at other times they would be on the sidewalks.

16.     Defendant Quadri, a Sergeant with the Chicago Police Department, followed and escorted the group during the community cleanup event.

17.     For nearly three hours, Defendant Quadri escorted the event without giving any orders or directions for the group to disperse or exit the street, or otherwise convey that they were engaged in unlawful conduct. In fact, Defendant Quadri gave verbal support to members of New Era and even left his vehicle to assist the group in picking up trash.

18.     At approximately 4:00 p.m., the group returned to the intersection of 63rd St. and Ashland. This is the location where the event began and the group was intending to disperse from that location.

19.     At that time, additional members of the Chicago Police Department arrived at the intersection of 63rd and Ashland, including Defendant Michael Jetel, who held the rank of Sergeant at that time.

20.     Defendant Jetel, without lawful cause or provocation, began yelling and arguing with a number of individuals in the crowd, including an individual who he believed to be the group's leader.

21.     The crowd continued to chant "Black Power!" and engage in other chants consistent with their message.

22.     Shortly after 4:00 p.m., the gathering was on the sidewalk on the southeast corner of Ashland and 63rd St.

23.     As Plaintiff Strickland and other members of the group were standing on the sidewalk, Defendant Jetel aggressively charged into the crowd.

24.     Other Chicago police officers then charged into the crowd and began violently arresting members of New Era.

25.     Plaintiff Strickland verbally expressed his disapproval with the behavior of Defendant Jetel and other Chicago police officers.

26.     Defendant Jetel then directed Defendant Rodriguez and Defendant Montesdeoca to take Plaintiff Strickland into custody.

27.     Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

28.     Plaintiff Strickland continued to verbally express his opposition to Defendant Jetel's actions.

29.     At no point did Plaintiff make any physical action to resist or attempt to defeat his arrest.

30.     Plaintiff was handcuffed, placed in a Chicago police vehicle and transported to the 7th District Chicago Police Station, where he was held in police custody for over eight hours before being released in the early morning hours of April 2, 2017.

31.     Plaintiff was falsely charged with resisting a police officer and obstruction of traffic, both violations of the Municipal Code of Chicago. The complaint against Plaintiff was signed by Defendant Quadri.

32.     Plaintiff faced these false charges for nearly eight months, requiring him to attend multiple court dates and to retain an attorney.

33.     On November 28, 2017, all charges were dismissed and the case was terminated in Plaintiff Strickland's favor.

## COUNT I
### 42 U.S.C. § 1983 Claim for False Arrest and Unlawful Detention

34.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35.     Defendants Jetel, Rodriguez, Montesdeoca and Quadri, acting individually, jointly, and/or in conspiracy, proximately and directly caused Plaintiff to be arrested without probable cause, thereby violating Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures and to due process of law.

36.     The unconstitutional actions of the Defendants were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

WHEREFORE, Plaintiff Strickland demands substantial actual or compensatory damages against Defendants Jetel, Rodriguez, Montesdeoca and Quadri because they acted maliciously, wantonly and/or oppressively; punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 Claim for Violation of his First Amendment Rights to Freedom of Speech and Assembly

37.     Plaintiff repeats and realleges the foregoing paragraphs 1-33 as if fully set forth herein.

38.     Plaintiff was participating in lawful, constitutionally protected activity on the public streets and sidewalks of the City of Chicago.

39.     The actions of Defendants Jetel, Rodreiguez, Montesdeoca and Quadri described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising his rights and suffered retaliation for having exercised his rights.

WHEREFORE, Plaintiff Strickland demands substantial actual or compensatory damages against Defendants Jetel, Rodriguez, Montesdeoca and Quadri and because they acted maliciously, wantonly and/or oppressively; punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT III
### State Law Claim for Malicious Prosecution

40.     Plaintiff repeats and realleges the foregoing paragraphs 1-33 as if fully set forth herein.

6

41.     Defendants Jetel, Rodriguez, Montesdeoca and Quadri, individually, jointly

and/or in conspiracy, initiated and continued a malicious prosecution without probable cause

against Plaintiff.

42.     The prosecution of Plaintiff terminated in his favor.

43.     The Defendant Officers' actions were committed in a willful and wanton manner.

44.     The Defendants' actions directly and proximately caused injury and damage as set

forth above.

WHEREFORE, Plaintiff Strickland demands substantial actual or compensatory damages

against Defendants Jetel, Rodriguez, Montesdeoca and Quadri, and because they acted

maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action,

attorney's fees and such other relief as this Court deems equitable and just.

## COUNT IV
### State Law Claim for Intentional Infliction of Emotional Distress

45.     Plaintiff repeats and realleges the foregoing paragraphs 1-33 and 40-44 as if fully

set forth herein.

46.     The conduct and actions of Defendants set forth above, were extreme and

outrageous, were done intentionally, willfully and wantonly, and/or knowing that there was a

high probability that their conduct would cause Plaintiff severe emotional distress as set forth

above.

47.     As a direct and proximate cause of the extreme and outrageous conduct of

Defendants Jetel, Rodriguez, Montesdeoca and Quadri, Plaintiff was injured and experienced

severe emotional distress constituting intentional infliction of emotional distress under Illinois

State law.

WHEREFORE, Plaintiff Strickland demands substantial actual or compensatory damages against Defendants Jetel, Rodriguez, Montesdeoca and Quadri, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT V
### State Law *Respondeat Superior* Claim

48.     Plaintiff repeats and realleges the foregoing paragraphs 1-33 and 40-47 as if fully set forth herein.

49.     Defendants Jetel, Rodriguez, Montesdeoca and Quadri were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting within the scope of their employment; and their acts, which violated state law, are directly chargeable to the Defendant City under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff Strickland demands judgment against the City of Chicago for any and all compensatory damages awarded on his state law claims, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VI
### 745 ILCS 10/9-102 Claim Against Defendant City of Chicago

50.     Plaintiff repeats and realleges the foregoing paragraphs 1-49 as if fully set forth herein.

51.     Defendants committed the acts alleged above under color of law and in the scope of employment as employees of the City of Chicago.

WHEREFORE, pursuant to 745 ILCS 10/9-102, and otherwise pursuant to law, Plaintiff Strickland demands judgment against Defendant City of Chicago in the amount awarded to the

Plaintiff against any and all Defendants as compensatory damages, attorney's fees, costs and interest, and for whatever additional relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts, pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Dated: October 19, 2018

Respectfully Submitted,

 /s/ Brad Thomson
Brad Thomson
Joey L. Mogul
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070